### D. W. JONES v. THE STATE.

#### No. 2791.   Decided May 25, 1904.

**1.—Indictment—Selling Liquor to Minor Knowingly.**

Where the indictment alleged that the defendant did then and there
unlawfully and knowingly sell, etc., intoxicating liquor to a minor, it suffi-
ciently charges him with knowledge of minority of the minor.

**2.—Evidence—Stepfather May Give Permission.**

Where the evidence showed that the defendant had written permission
from the minor's stepfather to sell him intoxicating liquor, the prosecution
for unlawfully and knowingly selling intoxicating liquor to a minor fails,
notwithstanding the minor's mother objected.

Appeal from the County Court of Falls.   Tried below before Hon.
W. E. Hunnicutt.

Appeal from a conviction for unlawfully and knowingly selling intox-
icating liquor to a minor; penalty, a fine of $25.

The opinion states the case.

*Rice & Bartlett* and *J. W. Spivey,* for appellant.—Good indictment:
Hunter v. State, 18 Texas Crim. App., 444; approved in Williams v.
State, 23 Texas Crim. App., 70.   Averments must be direct and not
by intendment:   Neely v. State, 32 Texas Crim. Rep., 370; Brown v.
State, 26 Texas Crim. App., 540; McAfee v. State, 38 Texas Crim.
Rep., 124.   Where a stepfather admits a stepchild into his family
and treats it as a member, he stands in the place of a natural parent
to it.   Gorman v. State, 42 Texas, 221; Snowdon v. State, 12 Texas
Crim. App., 105; Schrimpf v. Settegast, 36 Texas, 296; 37 Am. Dig.,
(Century ed.) title "Parent and Child," sec. 152, and cases there cited.

which are not accessible to us.    Also sec. 160½ of same title, and cases cited.

The order in question was a   continuing authority, and authorized the sale in question.    Marcowitz v. State (Ark.), 4 S. W. Rep., 656.

That if defendant believed, and had reasonable ground for believing, that the sale in question was not a violation of law, by reason of his acting under the written order, then no criminal intent existed and the conviction was wrong.    Waldstein v. State, 29 Texas Crim. App., 82 ; Wakefield v. State, 28 S. W. Rep. 470 ; Jones v. State, 32 Texas Crim. Rep., 110.

The husband ·is the head of the household and responsible for its reputation, standing, care, etc. ; and where, as in the present case the judgment of the wife and of the husband do not coincide, that of the wife must yield, so far as the defendant is concerned.    In other words, the defendant having acted under the written order in good faith, and the minor being a member of the family of his stepfather who gave it, is not amenable to the law ; and can not be made so because another member of the family, even though it be the mother, might object.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted for unlawfully and knowingly selling intoxicating liquor to a minor, the fine imposed being $25.    The charging part of the indictment is as follows: that D. W. Jones  *  *  * "did then and there unlawfully and knowingly sell and give spirituous liquor to Burton Ross, the said Burton Ross then and there being a person under the age of twenty-one years, without the written consent of the parent or guardian, or of some one standing in the place and stead of the parent and guardian of the said Burton Ross," etc.    Appellant insists that the indictment is defective, because it fails to charge defendant with knowledge of minority with that sufficient clearness and directness required by law.    Appellant cites in support of his contention Hunter v. State, 18 Texas Crim. App., 444, and Williams v. State. 23 Texas Crim. App., 70.    The form of indictment in this case is in accord with that laid down by Judge White in the Code, section 672 ; and appears to be a substantial copy of article 400 of the Penal Code, under which this prosecution is based.    We hold that it does allege that the sale was made to a person *known* to be under twenty-one years of age.    As insisted by appellant, there must be proof, by positive or circumstantial evidence, showing knowledge on the part of appellant to the effect that he knew the party to whom he sold the whisky was under 21 years of age before there can be a successful prosecution.    In our opinion this indictment to all reasonable intendments does so charge.

The testimony shows that defendant was contesting the right of the State to secure a conviction on the ground that he had the written

authority from the stepfather of the minor, under which he acted in good faith in making the sale, the minor being a member of the family of which the stepfather was the head, the evidence on this issue being as follows: Burton Ross testified he would be 21 years of age soon; that he bought some liquor from defendant about the time charged in the indictment, and his stepfather had given appellant a written order to let him (Burton) have liquor; that his father had been dead a long time, and his mother and stepfather had been married ever since witness was a small boy; and that witness had been living at home with his mother and stepfather, and was so living at the date of the sale in question. The mother of Burton Ross (the minor) testified that J. A. Ross was her second husband; that they had been living together fourteen or fifteen years; that the prosecutor had been living with them all the time, and was so living at the time of the alleged offense; and that she considered him a member of her family at that time. She also testified to having a conversation with defendant prior to the alleged offense, in which defendant stated he had sold whisky to the minor under and by virtue of the written order testified about, and that defendant would not have sold the whisky to Burton Ross but for the order; that she objected to defendant selling the whisky to the minor and so told him. The order in question reads as follows: "Lott, Texas, July 8, 1902.— Snodgrass & Jones: You can let my boys, Burton and Lee, have anything they want to drink if they pay for it. (Signed) J. A. Ross." The Burton named in order was shown to be Burton Ross, the minor, and that this order had not been revoked until after this indictment was found. The article of the code under which this prosecution was instituted (article 400) provides it shall be an offense to knowingly sell intoxicating liquor to a minor without the written consent of the parent or guardian of such minor, or some one standing in their place or stead. In Lantzmester v. State, 19 Texas Crim. App., 320, we held that an indictment must allege that the sale was "without the written consent of the parent or guardian, or some one standing in their place or stead." That the use of the word "father" or "mother" is not sufficient, because the use of the word "father" would not negative the written consent of the mother, who as a parent could also give consent. While it is true that the mother could give consent as indicated by the case cited, yet it is equally true that the father or stepfather, standing in lieu of the minor's own father, as provided by the statute, could also give such consent. We further hold that the mere fact that the mother protested against the sale of the whisky to the minor, whatever the moral phase might be, would not prevent appellant claiming a complete defense and immunity from prosecution, where the stepfather did give his written consent. The father or stepfather, as the case may be, being the head of the family within contemplation of law, has ample authority to give the order in question, and such authority can not be revoked or nullified by objection on the part of the other spouse so as

to make the selling under such written consent a penal offense. The evidence being insufficient to support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*